

# NUMBER 13-25-00180-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ELLA KLEINSMITH BAKKEN AND
JAMES S. BAKKEN,**                                        **Appellants,**

**v.**

**AMANDA JEAN GRANT,**                                            **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca
Memorandum Opinion by Justice Peña**

This cause is before us on appellants' first amended motion for extension of time to file appellants' response to a late defect notice and appellants' correspondence dated May 8, 2025, which we construe as a motion to file a late notice of appeal. On April 11, 2025, appellants filed a notice attempting to appeal a final summary judgment entered in

cause number 2024CCV-61033-4 on February 24, 2025. On April 14, 2025, the Clerk of the Court notified appellants that the notice of appeal appeared to be untimely. Appellants were further notified that if the defect was not cured within ten days from the date of the notice, the appeal would be dismissed. *See* Tex. R. App. P. 42.3(a), (c).

First, appellants' request for more time to file a response to the defect notice indicates that more time was needed to obtain the trial court's ruling on a motion to extend post-judgment deadlines. On May 8, 2025, the trial court issued an order denying appellants' motion to extend post-judgment deadlines and specifically found the judgment being appealed was signed and entered on February 24, 2025, and further found that the appellants received and acquired actual knowledge of the order on the same date. Accordingly, we now deny as moot appellants' first amended motion for extension of time to file appellants' response.

Second, the time within which to file a notice of appeal may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3. We are of the opinion that appellants' motion for time to file a late notice of appeal was untimely filed.

Finally, we are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not

2

provided for by rule. *See* Tex. R. App. P. 2; *In re T.W.,* 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.). Appellants' notice of appeal and motion for extension of time to file the notice of appeal were both untimely filed; therefore, we lack jurisdiction over the appeal. Accordingly, appellants' motion for extension of time to file the notice of appeal is dismissed for want of jurisdiction, and we dismiss the appeal for want of jurisdiction.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
5th day of June, 2025.

3